UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GUARDIAN LIFE INS. CO. OF AMERICA     CIVIL ACTION

VERSUS     NO: 16-7266

SAUNDRA KATZ, ET AL     SECTION: "H"(1)

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Interpleader Defendant Saundra Foreman Katz (Doc. 19). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

This is an interpleader action filed by Plaintiff Guardian Life Insurance Company. At issue is a whole life survivorship insurance policy purchased from Plaintiff by Jerome H. Foreman and Catherine C. Foreman, the now-deceased parents of the Interpleader Defendants ("the Policy"). The Policy names Interpleader Defendant Saundra Foreman Katz as both owner and beneficiary. Her sisters, Interpleader Defendants Cassaundra Foreman and

1

Jacqueline Foreman Pottinger, challenge her entitlement to the proceeds of the Policy. Catherine Foreman died on May 2, 2014. After her death, Jerome Foreman filed a petition for a declaratory judgment in state court seeking revocation of the donation of the Policy to Katz (the "Revocation Suit"). He passed away on February 21, 2016, and his other daughter, Interpleader Defendant Jacqueline Foreman Pottinger, has been substituted as the plaintiff in that suit in her capacity as Executrix of his estate. In short, Interpleader Defendants Cassaundra Foreman and Jacqueline Foreman Pottinger assert that, should the revocation action succeed, they would be entitled to the proceeds of the policy, while Saundra Foreman Katz maintains that she is the rightful beneficiary of the policy per its plain terms. After being placed on notice of these competing claims, Plaintiff instituted this action and deposited the proceeds of the policy into the registry of the Court. Interpleader Defendant Saundra Foreman Katz filed the instant Motion for Summary Judgment, arguing that she is entitled to the interpleader funds based on the plain language of the policy. Interpleader Defendants Jacqueline Foreman Pottinger and Cassaundra Foreman oppose this Motion, while Interpleader Plaintiff Guardian Insurance Company has filed a limited objection to the Motion.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue

---

[1] Fed. R. Civ. P. 56(c) (2012).

of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

---

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

In this Motion, Interpleader Defendant Saundra Foreman Katz asks the Court to enter judgment in her favor declaring that she is entitled to collect the proceeds of the Policy. Interpleader Defendants Jacqueline Foreman Pottinger and Cassaundra Foreman oppose this Motion, arguing (1) that the copy of the policy submitted with Katz's Motion is not competent summary judgment evidence, and (2) that the Revocation Suit pending in state court relative to the donation of the insurance policy creates a genuine issue of material fact precluding summary judgment in this matter. Interpleader Plaintiff Guardian Insurance Company has filed a limited objection to the Motion, arguing that any distribution of the funds should be delayed until such time as it has been awarded attorneys' fees and dismissed from this action. The Court will address these arguments in turn.

### I. The Policy as Summary Judgment Evidence

Defendants Pottinger and Foreman challenge the admissibility of the copy of the policy attached to Katz's Motion. The copy of the policy offered by Katz is accompanied by an affidavit executed by Katz's counsel, Steven Mauterer attesting to the veracity of the attached Policy. Pottinger and Foreman aver that Mr. Mauterer is not competent to execute such an affidavit, as he has personal knowledge of neither the application for the policy nor its issuance. Though Pottinger and Foreman are correct that an affidavit "must be made on personal knowledge,"[9] any concern as to the authenticity of the Policy is obviated by the fact that Guardian has attached an identical version of the Policy to its limited opposition to Katz's Motion. Accordingly, the Court

---

[9] Fed. R. Civ. P. 56.

4

has before it an admissible copy of the Policy and may continue to the merits of Katz's Motion.

## II. Katz's Entitlement to the Proceeds of the Policy

In her Motion, Katz argues that, she is entitled to the proceeds of the Policy per its plain language. Pottinger and Foreman aver that the existence of the Revocation Suit creates a genuine issue of material fact precluding summary judgment. "Under Louisiana law, an insurance policy is a contract between the parties and should be interpreted according to the general rules of interpretation of contracts prescribed in the Louisiana Civil Code."[10] Further, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[11] The parties do not dispute that the Policy indicates that Saundra Foreman Katz is the beneficiary and therefore entitled to the proceeds under the plain, unambiguous language of thereof. Rather, Pottinger and Foreman's argued factual dispute is based on their hope that they will ultimately prevail in the Revocation Suit. At this time, however, there is no evidence before *this* Court indicating that anyone other than Katz is entitled to the policy proceeds. According, she is entitled to the interpleader funds based on the plain language of the policy.

## III. Guardian's Opposition

Guardian has filed a limited opposition to Katz's motion, asking that the Court delay dispersing the interpleader funds pending a determination on its entitlement to attorneys' fees. "A district court has the authority to award

---

[10] *Smith v. Am. Family Life Assur. Co. of Columbus*, 584 F.3d 212, 215–16 (5th Cir. 2009).
[11] *Id.*

5

reasonable attorney's fees in interpleader actions. The award of attorney's fees is in the discretion of the district court, and fees are available when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants."[12]  Though Guardian asserts that it is entitled to dismissal and an award of attorneys' fees, it has filed no motion to that effect.  Accordingly, the Court will delay disbursement of the interpleader funds pending resolution of this issue.  Guardian shall file an appropriate motion for attorneys' fees within 15 days of the entry of this order.  Should no such motion be filed, the Court will order the immediate disbursement of the interpleader funds to Saundra Foreman Katz.

## CONCLUSION

For the forgoing reasons, Claimant Saundra Foreman Katz's Motion for Summary Judgment is **GRANTED,** inasmuch as the Court finds that she is entitled to the proceeds of the policy.  Entry of judgment is **STAYED** for 15 days from the entry of this order to allow Guardian to file an appropriate motion for attorneys' fees.  Should Guardian fail to do so, the Court will enter judgment in favor of Saundra Foreman Katz for the full amount of the interpleader funds.

New Orleans, Louisiana this 7th day of November, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[12] *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999) (internal citations omitted).